# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GMG INSURANCE AGENCY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N21C-07-002 MMJ |
| | ) | |
| MARGOLIS EDELSTEIN, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: May 9, 2023
Decided: May 17, 2023

On Plaintiff's Motion for Reargument
**DENIED**

## ORDER

Michael R. Ippoliti, Esq., Ippoliti Law Group, Wilmington, DE, *Attorney for Plaintiff*

Sally J. Daugherty, Esq., Salmon Ricchezza Singer & Turchi, LLP, Wilmington, DE, George M. Vinci, Jr., Esq. (*pro hac vice*), David B. Picker, Esq. (*pro hac vice*), Spector Gadon Rosen Vinci P.C., Philadelphia, PA, *Attorneys for Defendant*

**JOHNSTON, J.**

1. By Opinion dated April 10, 2023, the Court granted Defendant Margolis Edelstein's ("Defendant") Motion for Summary Judgment. The Court held:

The Court finds the evidence fails to support Plaintiff's legal malpractice claim. The Court finds that there was no reason to conclude Defendant breached the standard of care when developing the factual record, or when presenting the Underlying Litigation Motion for Summary Judgment on the tortious interference issue. The Court finds the Wilson Affidavit was a superseding cause of Plaintiff's alleged loss. Therefore, Defendant's Motion for Summary Judgment is hereby **GRANTED.**[1]

2. Plaintiff GMG Insurance Agency ("Plaintiff") has moved for reargument. Plaintiff contends: (1) the Court erred by holding as a matter of law that the Wilson Affidavit was a superseding cause of Plaintiff's alleged loss; (2) the Court erred by not recognizing that had Defendant conducted organized, systematic discovery, Defendant would have learned enough about Mr. Wilson to reasonably anticipate he might change or reverse his future testimony; and (3) the Court erred by not recognizing that the Court of Chancery would have dismissed the tortious interference claim if Defendant had competently briefed the Underlying Litigation Motion for Summary Judgment.

3. The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[2] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has

---

[1] *GMG Ins. Agency v. Margolis Edelstein*, 2023 WL 2854760, at *5 (Del. Super.).
[2] *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969).

misapprehended the law or the facts in a manner affecting the outcome of the decision.[3] "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[4] To the extent the parties asserted issues that were not raised in the submissions in support of summary judgment motions, new arguments may not be presented for the first time in a motion for reargument.[5]

4. The Court has reviewed and considered the parties' written submissions and arguments. The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision.

**THEREFORE**, Plaintiff's Motion for Reargument is hereby **DENIED**.

**IT IS SO ORDERED.**

 _/s/ **Mary M. Johnston**_
 The Honorable Mary M. Johnston

---

[3] *Ferguson v. Vakili*, 2005 WL 628026, at *1 (Del. Super.).
[4] *Wilmington Trust Co. v. Nix*, 2002 WL 356371, at *1 (Del. Super.).
[5] *Oliver v. Boston University*, 2006 WL 4782232, at *1 (Del. Ch.).